**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

Plaintiff,

CIVIL ACTION NO.:

HONORABLE:

vs.

RAYNALDO R. REYNA

Defendant,

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Lenawee County, Michigan within the jurisdiction of this Court and may be served with service of process at 949 S. Winter St. Adrian, MI 49221.

**The Debt – Count I**

3. The debt owed to the United States of America is as follows:

| | |
|---|---|
| *A.* Current Principal *(after application of all prior payments, credits, and offsets)* | $490.95 |
| B. Current Capitalized Interest Balance and Accrued Interest | $14.37 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| *D.* Credits previously applied *(Debtor payments, credits, and offsets)* | $489.83 |
| **Total Owed** | **$505.28** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the current rate of 3.54 percent and a daily rate of $0.05 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

**The Debt – Count II**

1. The debt owed to the United States of America is as follows:

| | |
|---|---|
| *A.* Current Principal *(after application of all prior payments, credits, and offsets)* | $1,819.7 |
| B. Current Capitalized Interest Balance and Accrued Interest | $364.88 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| *D.* Credits previously applied *(Debtor payments, credits, and offsets)* | $1,622.55 |
| **Total Owed** | **$2,184.58** |

The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 10% per annum.

**Failure to Pay**

2. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: *__/s/ Craig S. Schoenherr, Sr.__*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

Raynaldo R. Reyna
Aka: Raynaldo Reyna
949 S. Winter St.
Adrian, MI 49221-3852
Account No. XXXXX9687

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/27/11.

On or about 09/22/89, the borrower executed promissory note(s) to secure loan(s) of $734.00 from First of America Bank, MI N.A. This loan was disbursed for $734.00 on 11/08/89, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/01/90, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $883.46 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/23/06, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $489.83 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $490.95 |
| Interest: | $ 14.33 |
| Total debt as of 04/27/11: | $505.28 |

Interest accrues on the principal shown here at the current rate of 3.54 percent and a daily rate of $0.05 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/31/11

[signature]
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

EXHIBIT
A



MICHIGAN DEPARTMENT OF EDUCATION
BOX 30047, LANSING, MICHIGAN 48909

APPLICATION/PROMISSORY NOTE FOR A SUPPLEMENTAL LOAN FOR STUDENTS

Under the Insurance Program of the Michigan Higher Education Assistance Authority

FA 4680-2 (2-87) Authority: 34 CFR 682.401c MAC 390.1413 and 390.1415 Completion Mandatory. No loan can be made unless this form is filed.

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097

SECTION I TO BE COMPLETED BY THE STUDENT. READ THE INSTRUCTIONS.

1 Social Security Number: [redacted] 1968171
2 Last Name: REYNA First: RAYNALDO MI: R
3 Birth Date: [redacted]
4 Permanent Home Address: 4170 1/2 S. HAUN ST. APT. 2 Street; ADRIAN City; MI State; 49221 Zip Code
5 Area Code – Phone Number: (517) 265-4993
6 U.S. Citizenship Status: (a) U.S. Citizen or National [X]; (b) Eligible Non Citizen; (c) Neither of the above (see instructions). Alien ID #
7 State of Permanent Residence: MI Since Mo. 10 Yr. 68
8 Major Course of Study: 1101
9 While in school you intend to live: (Check One) With Parents / On Campus / [X] Off Campus
10 Have you ever defaulted on an educational loan? Yes / [X] No. If yes, give details on separate sheet of paper including what arrangements if any, to repay the debt have been made.
11 Do you have any outstanding SLS loans that are NOT guaranteed by the Michigan Higher Education Assistance Authority? Yes [X] No. If "Yes" list below (DO NOT INCLUDE PERKINS LOANS, NDSL, HPSL, HEAL or GSL). If "No" write "NONE"
Name of Lender: NONE | City and State of Lender | From Mo/Yr | To Mo/Yr | Unpaid Balance | Interest Rate

12 Parent or Guardian (Circle One): Name: Jose Regalado; Address: 1118 Dorothy St. 49221; City, State, Zip: Adrian; Phone: (517) 265-7993; Employer
Relative – or Separated Parent (Circle One): Name: Jorge Chavez; Address: 948 Howell Ave; City, State, Zip: Adrian, MI 49221; Phone: (517) 265-8145; Employer
Relative – Not Living With You: Name: Daniel Regalado; Address: 2301 Wolfcreek Hwy; City, State, Zip: Adrian MI 49221; Phone: (517) 265-6687; Employer
13 Driver's License Number (If none, write "none"): R150 073 073 449 672 MI; State
14 Requested Loan Amount: $1,734.00
15 What period do you want this loan to cover: From Mo 08 Yr 89 To Mo 06 Yr 90
16 Lending Institution which provided this application: Name: First of America Bank, MI, N.A.; Address: 432 W. Crosstown Parkway, Kalamazoo, MI 49001

Promissory Note for a Supplemental Loan for Students

I, Promise To Pay ... the sum of ... dollars ($ 734 00) ... Seven Hundred Thirty Four ...

Terms of the Promissory Note continue on the reverse side

NOTICE TO STUDENT: SEE SCHOOL INSTRUCTIONS ON REVERSE SIDE OF COPY B

18 Borrower Signature: Raynaldo Reyna Date: 9-22-87

SECTION II TO BE COMPLETED BY THE SCHOOL
19 Name of School: St. Mary of the Plains College/ATDS
20 Street No: San Jose Dr. City: Dodge City State: KS Zip Code: 67801
21 Phone: 1 800 444-2672
22 School Code: 002444
23 Grade Level: Undergraduate
24 Expected Completion of Studies: Mo 08 Yr 90
25 Loan Period: From 08 28 89 To 06 08 90
26 Estimated cost of education for loan period: $ 5,045
27 Financial aid for loan period: $ 1,311
28 Cost Minus Aid (Item 26 less Item 27): 734
29 Dependency Status: Dependent / [X] Independent
30 Type of Academic Enrollment Period: Semester / Trimester / Quarter / [X] Clock Hour / Other Explain
31 First day of class of each academic enrollment period
32 My signature below certifies that I have read and agreed to the EDUCATION CERTIFICATION printed on the reverse side of COPY B and COPY C. Date: 9-26-89. Authorized School Official
33 Print or type name of authorized person who has signed in Item 32: Judy Hattrem F.A.O.

MHEAA USE ONLY

SECTION III TO BE COMPLETED BY THE LENDING INSTITUTION
34 Name of Lending Institution
36 Signature of Authorized Lending Official
37 Amount Recommended: $ 1,734

COPY A – LENDER

Poor Source Original Document Retained

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 2**

Raynaldo R. Reyna
aka: Raynaldo Reyna
949 S. Winter St.
Adrian, MI 49221-3852
Account No. XXXXX9687

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/27/11.

On or about 09/22/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First America Bank, MI N.A. This loan was disbursed for $2,625.00 on 11/08/89 through 12/08/89, at 8% interest, rising to 10% after the fourth year of repayment. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/01/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,800.48 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/23/06, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $1,622.55 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,819.70 |
| Interest: | $ 364.88 |
| Total debt as of 04/27/11: | $2,184.58 |

Interest accrues on the principal shown here at the rate of 10% per annum and a daily rate of $0.50.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/31/11

Michael Illes
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

EXHIBIT
B

A-4444 (6 88)
Authority 34 CFR 682.401c MAC 390.1413 and 390.1415 Completion Mandatory. No loan can be made unless this form is filed

MICHIGAN DEPARTMENT OF EDUCATION
BOX 30047, LANSING, MICHIGAN 48909

# APPLICATION AND PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

Under the Insurance Program of the Michigan Higher Education Assistance Authority

LOAN NUMBER

OVERRIDE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS

1. [redacted]-9168 | 2. Last Name: REYNA | First: RAYNALDO | MI: R | 3. Birth Date: [redacted]

4. Permanent Home Address — Street: 471 1/2 S. MAIN ST. APT 2 | City: ADRIAN | State: MI | Zip Code: 49221 | 5. Area Code — Phone Number: (517) 265-6993

6. U.S. Citizenship Status
- ☒ (a) U.S. Citizen or National
- ☐ (b) Eligible Non Citizen
- ☐ (c) Neither of the above (see instructions)

Alien ID #

7. Total Number of Borrower's Dependents: 4
List ages: 24, 16, 4, 16mo.

8. State of Permanent Residence: State MI Since Mo 1/0 Yr 88

9. Intended Enrollment (You must enroll at least half time to be eligible)
- ☐ Full time
- ☒ At least half time
- ☐ Less than half time

10. Major Course of Study: 1/0

11. While in school you intend to live (Check One)
- ☐ With Parents
- ☐ On Campus
- ☒ Off Campus

12. Prior to the school year for which the loan is intended, have you ever been enrolled in any school beyond high school level? ☐ Yes ☒ No

13. Have you ever defaulted on an educational loan? ☐ Yes ☒ No
If yes, give details on separate sheet of paper including what arrangements have been made, if any, to repay the debt.

14. School Name and Division: St. Mary of the Plains College / American Truck Driving School

15. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the Michigan Higher Education Assistance Authority? ☐ Yes ☒ No
(See Instructions) If "Yes," list below (DO NOT INCLUDE PERKINS LOANS, NDSL, HPF, or HEAL) If "No," write "None."

| Name of Lender | City and State of Lender | From Mo / Yr. | To Mo / Yr | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |

16. Parent or Guardian (Circle One)
Name: Jose Regalado
Address: 1418 Dorothy St.
City, State, Zip: Adrian, MI 49221
Phone: (517) 265-6993
Employer:

Relative — or Separated Parent (Circle One)
Name: Jorge Chavez
Address: 944 Howell Ave.
City, State, Zip: Adrian, MI 49221
Phone: (517) 265-8145
Employer:

Relative — Not Living With You
Name: Daniel Regalado
Address: 2301 Wolfcreek Hwy.
City, State, Zip: Adrian, MI 49221
Phone: (517) 265-6557
Employer:

17. Driver's License Number — If none, write "none.": R500730734467 | State: MI

18. Requested Loan Amount: $2625

19. What period do you want this loan to cover — From: Mo 08 Yr 89 To: Mo 06 Yr 90

20. Lending Institution which provided this application
Name: First of America Bank MI, N.A.
Address: 432 W. Crosstown Parkway, Kalamazoo, MI 49001

## Promissory Note for a Guaranteed Student Loan

I. Promise To Pay: I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph X, the sum of Two thousand six hundred twenty five DOLLARS $ 2625.00

Requested Loan Amount — Must be the same as Item 18

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph [illegible] and any other charges which may become due as provided in Paragraph [illegible]. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs [illegible] on the other side.) My signature certifies that I have read, understood and agree to the conditions and certifications stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE READ AND UNDERSTAND THE BORROWER RIGHTS AND RESPONSIBILITIES THAT ARE INCLUDED IN THIS BOOKLET OF WHICH THE APPLICATION AND PROMISSORY NOTE ARE A PART.

22. Student Borrower Signature: Raynaldo Reyna | Date: 9-22-89

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

## SECTION II — TO BE COMPLETED BY SCHOOL — SEE SCHOOL INSTRUCTIONS ON REVERSE SIDE OF COPY C

23. Name of School: St. Mary of the Plains College, ATDS | 24. Street No: SAN JOSE Dr. | City: Dodge City | State: KS | Zip Code: 67801

25. Phone: 1 800 444-7672 | 26. School Code: 00919441

27. Grade Level — Undergraduate: ☒ 0 ☐ 1st ☐ 2nd ☐ 3rd ☐ 4th ☐ 5th; Graduate or Professional: ☐ 1st ☐ 2nd ☐ 3rd ☐ 4th

28. Expected Completion of Studies Date: MO 08 YR 90

29. Loan Period: From 08 23 89 To 06 23 90

30. Estimated cost of education for loan period: $15045

31. Financial aid for loan period: $2420

32. Expected Family Contribution: $0

33. Cost Minus Aid Minus EFC (Item 30 Less Items 31 and 32): $2625

34. STATE USE ONLY

35. Dependency Status
- ☐ Dependent
- ☒ Independent

36. Type of Academic Enrollment Period
- ☐ Semester
- ☐ Trimester
- ☐ Quarter
- ☒ Clock Hour
- ☐ Other Explain

37. First day of class of each academic enrollment period: 1st, 2nd, 3rd, 4th (Month / Day / Year)

38. My signature below certifies that I have read and agreed to the EDUCATION CERTIFICATION printed on the reverse side of COPY B and COPY C
Authorized School Official: [signature] | Date: 9-26-89

39. Judy Hattrem F.A.D.
Printed Name and Title

## SECTION III — TO BE COMPLETED BY THE LENDING INSTITUTION

40. Name of Lending Institution | 41. City | 42. Federal Code: 805 1943

43. Amount Recommended: $2625 | 44. Signature of Authorized Lending Official: [signature] | 45. Title | 46. Date: 10-2-89

COPY A — LENDER

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan 1) in periodic installments during a repayment period that will begin no later than the end of my grace period or 2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying [illegible] approved by MHEAA, at least one-half the normal full time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin [illegible]

**III. Interest** (1) I agree to pay an amount equivalent to simple interest (as specified [illegible] (4)) [illegible] balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT, Paragraph VIII in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 19[illegible], and I have no outstanding GSL(s), the applicable interest rate on this loan will be 9%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 198[illegible], and I have no outstanding GSL(s) but I do have an outstanding balance on any Parent Loans for Undergraduate Students ("PLUS"), Supplemental Loans for Students ("SLS") made for enrollment period(s) beginning before that date, or on any Consolidation loan(s) which repaid loans made for enrollment periods(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 198[illegible], and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status will be identified on the (Notice of Loan Guarantee and Disclosure). (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Michigan Guarantee Agency.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law and identified to me on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement, or all of the loan money is returned to you within 120 days of disbursement, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to MHEAA to pay for its guarantee of this Note. The guarantee fee is calculated on the amount of this loan from the disbursement date until the expiration of my grace period following the [illegible] course completion date indicated by the School in Section II of my application for this loan. If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement, or all of the loan money is returned to you within 120 days of disbursement, I will be entitled to a refund of any guarantee fee paid in respect to this disbursement. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you after it is due in the number of days specified on the Notice of Loan Guarantee and Disclosure Statement within the number of days as specified in Federal Guaranteed Student Loan Program regulations; or 2) I fail to notify you of a change in my name, address or school enrollment status; or 3) make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided under Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me a late charge of the maximum rate permitted. If a payment is late I may be charged six cents for each dollar of each late installment.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school to be named in Section II of my Application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing and agreed to by MHEAA. 4) If MHEAA is required under its guarantee to repay my loan(s) because I have defaulted, MHEAA will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the MHEAA regulations at the discretion of the lender on the repayment of my loan(s). 7) If I die or become permanently and totally disabled, the unpaid balance of this Note will be paid in full to you or any other owner of this Note by MHEAA. 8) If I default on this Note by reason of delinquency and you incur any extra costs or expenses in connection with collecting on my debt, you will add all reasonable expenses and attorney fees to my loan debt. 9) In this Note the words I, me, and my mean the borrower identified in item 2 of Section I of the Application. You, your, and yours mean the lender and any other owner of this Note.

**VIII. Deferment** Payment of principal on my loan may be deferred after the repayment period begins if I am not in default and comply with applicable State and Federal regulations. (A) I am entitled to defer payments of principal on my loan after the repayment period begins: (1) While I am enrolled: a) at a participating school on a full time study, as determined by that school, however, to obtain a deferment to attend a school not located in the United States, I must be a citizen or national of the United States, or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education, or d) as a full time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. (2) For periods not exceeding 3 years for each of the following while I am: a) on active duty in the Armed Forces of the United States, or serving in the Commissioned Corps of the United States [illegible] serving as a Peace Corps volunteer, or c) serving as a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA), or d) serving as a full-time volunteer for [illegible] Federal Income Tax [illegible] [illegible] determined is comparable [illegible] [illegible] Peace Corps or ACTION [illegible] because I am pursuing [illegible] required by a qualified physician [illegible] while I am unable to secure employment because [illegible] by a sworn affidavit by a qualified physician [illegible] dependent who is temporarily totally disabled [illegible] not less than three [illegible] (3) not more than [illegible] months [illegible] serving an internship that the Secretary of Education has determined is needed to begin professional practice or service. (4) For a period not exceeding 24 months while I am conscientiously seeking but unable to find full time employment in the United States. (5) For a period [illegible] months while I am pregnant or caring for a newborn [illegible] I am not in attendance at a participating school or gainfully employed and I was enrolled within the past 6 months at least half time at a participating school.

If I have no Guaranteed Student Loans (GSL), Supplemental Loans for Students loan (SLS), Parent Loans for Undergraduate Students (PLUS), Auxiliary Loans to Assist Students (ALAS) or Consolidated Loans outstanding with principal or interest [illegible] on the date I sign this Note [illegible] outstanding loan principal or interest which result solely from loans disbursed to me on or after July 1, 1[illegible] or [illegible] were made to cover an enrollment period that began on or after July 1, 1987 [illegible] deferment of principal payments on this Note if any repayment period has begun and I provide you with written notice that I qualify for the deferment: (6) while enrolled half-time during a period for which I am also [illegible] a Guaranteed Student Loan (GSL) or Supplemental Loans for Students (SLS). (7) For a period not to exceed 3 years while on active duty as a member of the National Oceanic and Atmospheric Administration Corps. [illegible] engaged as full-time teacher in a public or private elementary or secondary school in a teacher shortage area [illegible] by the Secretary of Education. (8) For a period not exceeding 12 months while qualifying as a mother [illegible] pre-school age children and who is just entering the workforce and who is paid at a rate not exceeding $1.00 [illegible] the federal minimum wage. (9) For periods [illegible] service in an [illegible] internship program or serving in an internship or residency program leading to a degree or certificate awarded by an institution, a hospital, or a health care facility that offers post graduate training.

I understand that [illegible] receive a deferment of principal payment I must furnish my lender or other holder of this Note with [illegible] of my eligibility and I agree that I will notify my lender or other holder of this Note [illegible] the condition for which a deferment of principal payment was granted no longer exists. It is possible that the eligibility criteria for any [illegible] of a deferment may be changed by Congress. If so, such changes will be [illegible] in the deferment application form that you, or a subsequent holder, make available to me.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the first day following the expiration of the grace period until the loan is paid in full, unless 1) the whole loan is due as described in Default, Paragraph V, or 2) This Promissory Note has become due because of item 2 of Date Note Comes Due, Paragraph II. Before the end of the grace period, you will send me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under MHEAA's Guaranteed Student Loan Program.

The Repayment Schedule [illegible] monthly payments for a period of no less than 5 years and not [illegible] unless a minimum annual payment required by program regulations [illegible] repay the loan [illegible] I may request and be granted a repayment period [illegible] period extended so that the full repayment [illegible] [illegible] Any period of authorized deferment [illegible] 10 year repayment period.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest at any time.

**XI. Credit** [illegible] this loan to a credit bureau. The credit bureau will be [illegible] either you or MHEAA will report [illegible] as required [illegible] this failure [illegible] my credit rating.

Pay to the order of [illegible] without recourse, [illegible] assign, transfer and set over unto the Michigan Higher Education [illegible] Lansing, Michigan, its interest in this note.

Loan Servicing Center/Kansas
Authorized Agent of Student Loan Marketing Association

By: [signature] Analyst
Authorized Agent
Date: 10-23-91

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize my school to release to MHEAA, U.S. Department of Education, or their agents, to the lending institution, subsequent holder, [illegible] employment, enrollment status, current address [illegible] any requested information pertinent to this loan [illegible] I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the school for the loan period stated in the Notice of Loan Guarantee and Disclosure Statement. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan or ALAS loan or SLS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school. I understand that the loan check will be sent to the school named in Section II. I have read and understand the Statement of Borrower's Rights and Responsibilities supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount [illegible] determined by the lender and program regulations, the fee amounts, due dates and grace period. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

I further understand and agree that if there is any question [illegible] the validity of the social security number that I have provided in item #1 of this application for a Guaranteed Student Loan, I authorize the lender or the subsequent holder of this promissory note, or the guarantor of this loan, to request and to receive from the Social Security Administration information concerning my social security number, including the name under which the number was issued and any other pertinent information to validate the correctness of the social security number.

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE ACCEPTING TO THE ADDITIONAL TERMS AND CERTIFICATION